Bruce J. Boehm (10039)
Nickolas S. Rice (11282)
Cameron J. Cutler (15116)
**McKAY, BURTON & THURMAN**
15 West South Temple, Suite 1000
Salt Lake City, Utah  84101
Telephone:  (801) 521-4135
Facsimile: (801) 521-4252
E-mail: nrice@mbt-law.com
            ccutler@mbt-law.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAROLYN FORD<br><br>            Plaintiff,<br><br>vs.<br><br>OREM BLUELIGHT L.L.C., a Utah Limited Liability, John Does I – X, XYZ Corporations and/or Limited Liability Companies I –X<br><br><br>            Defendants. | **ANSWER TO COMPLAINT**<br><br><br><br>Civil No: 2:17-CV-10 DBP<br><br>Magistrate Judge Dustin B. Pead |

Defendant Orem Bluelight L.L.C. ("Defendant"), by and through its undersigned counsel, hereby submits its answer and defenses to the Complaint filed in this action by Plaintiff Carolyn Ford ("Plaintiff") and states as follows:

## Answer to "Introduction"

1.      In response to the allegations set forth in Paragraph 1 of the Complaint, Defendant admits for jurisdictional purposes only that this purports to be an action under Title III of the Americans with Disabilities Act of 1990 ("ADA") and Utah state law, but denies that

Plaintiff has any right to maintain this action and further denies that Plaintiff is entitled to any recovery in this action.  Defendant denies the remaining allegations set forth in Paragraph 1 of the Complaint.

      2.      In response to the allegations set forth in Paragraph 2 of the Complaint, Defendant states that the 1991 Americans with Disabilities Act Accessibility Guidelines (the "1991 ADAAG") speak for themselves and thus a response is not required.  To the extent that a response is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

      3.      In response to the allegations set forth in Paragraph 3 of the Complaint, Defendant states that the ADA and 1991 ADAAG speak for themselves and thus a response is not required.  To the extent that a response is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

      4.      In response to the allegations set forth in Paragraph 4 of the Complaint, Defendant states that the 1991 ADAAG and the 2010 Americans with Disabilities Act Accessibility Guidelines (the "2010 ADAAG") speak for themselves and thus a response is not required.  To the extent that a response is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

      5.      In response to the allegations set forth in Paragraph 5 of the Complaint, Defendant states that the 1991 ADAAG and the 2010 ADAAG speak for themselves and thus a response is not required.  To the extent that a response is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

6. In response to the allegations set forth in Paragraph 6 of the Complaint, Defendant states that the ADA speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

7. In response to the allegations set forth in Paragraph 7 of the Complaint, Defendant states that Utah Code Ann. §78B-6-1101(1) speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with certain laws in the state of Utah while doing business there.

### Answer to "Parties, Jurisdiction, and Venue"

8. In response to the allegations set forth in Paragraph 8 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

9. In response to the allegations set forth in Paragraph 9 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

10. In response to the allegations set forth in Paragraph 10 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

11. In response to the allegations set forth in Paragraph 11 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations therein.

12. In response to the allegations set forth in Paragraph 12 of the Complaint, Defendant admits that it owns the property located at 433 N. State St., Orem, Utah.

13. In response to the allegations set forth in Paragraph 13 of the Complaint, Defendant admits that it leases the property located at 433 N. State St., Orem, Utah, and that a business entity operates a KFC/A&W restaurant on the property.

14. In response to the allegations set forth in Paragraph 14 of the Complaint, Defendant admits that the property at issue is a "place of public accommodation" as that term is defined by the ADA, but denies that it has committed any act or omission giving rise to liability.

15. In response to the allegations set forth in Paragraph 15 of the Complaint, Defendant admits for jurisdictional purposes only that this Court has jurisdiction over this action that purports to be an action under the ADA, but denies that Plaintiff has any right to maintain this action. Defendant denies the remaining allegations set forth in Paragraph 15.

16. In response to the allegations set forth in Paragraph 16 of the Complaint, Defendant admits for venue purposes only that venue lies in this judicial district, but denies that it has committed any act or omission giving rise to any liability.

## Answer to "Factual Allegations"

17. In response to the allegations set forth in Paragraph 17 of the Complaint, Defendant hereby re-alleges and incorporates by reference its answers to each of the foregoing paragraphs of the Complaint, as if fully restated herein.

18. In response to the allegations set forth in Paragraph 18 of the Complaint, Defendant states that the ADA speaks for itself, and therefore no response is required. To the

extent that one is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

19. In response to the allegations set forth in Paragraph 19 of the Complaint, Defendant states that the ADA speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

20. In response to the allegations set forth in Paragraph 20 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

21. In response to the allegations set forth in Paragraph 21 of the Complaint, Defendant admits that it is the owner of the property, and admits that a KFC/A&W restaurant is operated on the property. Defendant admits that the KFC/A&W restaurant is a "place of public accommodation" as that term is defined by the ADA and its implementing regulations, but denies that any act or omission has been committed which gives rise to liability under the ADA.

22. In response to the allegations set forth in Paragraph 22 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

23. In response to the allegations set forth in Paragraph 23 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

24. In response to the allegations set forth in Paragraph 24 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the

allegations set forth therein, and therefore, denies the allegations set forth therein.

25. In response to the allegations set forth in Paragraph 25 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

26. In response to the allegations set forth in Paragraph 26 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

27. In response to the allegations set forth in Paragraph 27 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

28. In response to the allegations set forth in Paragraph 28 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

29. In response to the allegations set forth in Paragraph 29 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

30. In response to the allegations set forth in Paragraph 30 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

31. In response to the allegations set forth in Paragraph 31 of the Complaint, Defendant states that the ADAAG speak for themselves, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must

comply with only certain provisions of the ADA. The remaining allegations in Paragraph 31 are denied.

32. In response to the allegations set forth in Paragraph 32 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

33. In response to the allegations set forth in Paragraph 33 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

34. In response to the allegations set forth in Paragraph 34 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

35. In response to the allegations set forth in Paragraph 35 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

36. In response to the allegations set forth in Paragraph 36 of the Complaint, Defendant is without information and knowledge necessary to form a belief as to the truth of the allegations set forth therein, and therefore, denies the allegations set forth therein.

**Answer to "First Cause of Action: Injunction for Violation of Title III of the ADA"**

37. In response to the allegations set forth in Paragraph 37 of the Complaint, Defendant hereby re-alleges and incorporates by reference its answers to each of the foregoing paragraphs of the Complaint, as if fully restated herein.

38. In response to the allegations set forth in Paragraph 38 of the Complaint,

Defendant states that the ADA speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with only certain provisions of the ADA.

39. In response to the allegations set forth in Paragraph 39 of the Complaint, admits that a "place of public accommodation" as that term is defined under the ADA, is operated on property Defendant owns. Defendant denies the remaining allegations set forth in Paragraph 39 of the Complaint, but Defendant admits that it must comply with only certain provisions of the ADA.

40. In response to the allegations set forth in Paragraph 40 of the Complaint, Defendant states that the ADA speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied. Defendant further states that Paragraph 40 of the Complaint calls for a legal conclusion that does not lend itself to a response. To the extent a response is required, the same is denied. However, Defendant admits that it must comply with only certain provisions of the ADA.

41. In response to the allegations set forth in Paragraph 41 of the Complaint, Defendant states that the ADA and the Department of Justice's related guidance and definitions speak for themselves, and therefore no response is required. To the extent that one is required, the same is denied. However, Defendant admits that it must comply with only certain provisions of the ADA.

42. In response to the allegations set forth in Paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. In response to the allegations set forth in Paragraph 43 of the Complaint, Defendant denies the allegations therein.

44. In response to the allegations set forth in Paragraph 44 of the Complaint, Defendant denies the allegations therein.

45. In response to the allegations set forth in Paragraph 45 of the Complaint, Defendant denies the allegations therein.

46. In response to the allegations set forth in Paragraph 46 of the Complaint, Defendant admits that Plaintiff has retained legal counsel.  Defendant denies that Plaintiff is entitled to an award of reasonable attorney's fees and costs for bringing suit.  Defendant denies the remaining allegations in Paragraph 46.

## Answer to "Second Cause of Action: Declaratory Relief"

47. In response to the allegations set forth in Paragraph 47 of the Complaint, Defendant hereby re-alleges and incorporates by reference its answers to each of the foregoing paragraphs of the Complaint, as if fully restated herein.

48. In response to the allegations set forth in Paragraph 48 of the Complaint, Defendant admits that Plaintiff purports to seek declaratory relief pursuant to 28 U.S.C. § 2201, but denies that Plaintiff has any right to maintain this action and further denies that Plaintiff is entitled to any recovery in this action.

49. In response to the allegations set forth in Paragraph 49 of the Complaint, Defendant admits that Plaintiff purports to seek a declaratory judgment, but denies that Plaintiff has any right to maintain this action and further denies that Plaintiff is entitled to any recovery in this action.

**Answer to Third Cause of Action:
"Nuisance Under Utah Code Ann. § 78B-6-1101(1), et seq."**

50. In response to the allegations set forth in Paragraph 50 of the Complaint, Defendant hereby re-alleges and incorporates by reference its answers to each of the foregoing paragraphs of the Complaint, as if fully restated herein.

51. In response to the allegations set forth in Paragraph 51 of the Complaint, Defendant states that Utah Code Ann. § 78B-6-1101(1) speaks for itself, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with certain laws in the state of Utah while doing business there.

52. In response to the allegations set forth in Paragraph 52 of the Complaint, Defendant states that Utah Code Ann. § 78B-6-1101 and § 78B-6-1102 each speak for themselves, and therefore no response is required. To the extent that one is required, the same is denied; however, Defendant admits that it must comply with certain laws in the state of Utah while doing business there.

53. In response to the allegations set forth in Paragraph 53 of the Complaint, Defendant denies the allegations therein.

54. In response to the allegations set forth in Paragraph 54 of the Complaint, Defendant denies the allegations therein.

55. In response to the allegations set forth in Paragraph 55 of the Complaint, Defendant denies the allegations therein.

56. In response to the allegations set forth in Paragraph 56 of the Complaint, Defendant denies the allegations therein. Defendant further denies that Plaintiff is entitled to any recovery of attorneys' fees in this action.

### Answer to "Prayer for Relief"

Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 56 of the Complaint and all subparts (A) through (G) thereto.

### GENERAL DENIALS

Defendant denies each and every allegation and prayer for relief of the Complaint not specifically admitted herein.

### ADDITIONAL DEFENSES

Without admitting liability or the burden of proof as to any of Plaintiff's allegations, Defendant states the following defenses:

### FIRST DEFENSE

Plaintiff has demanded modifications to the property that are not readily achievable, are technically infeasible, are structurally impracticable and/or are not required under the ADA. To the extent that elements of the property do not comply with the corresponding elements in the ADA and/or its implementing regulations and/or barriers to accessibility exist, such compliance is not readily achievable, are technically infeasible and/or is structurally impracticable.

### SECOND DEFENSE

To the extent that elements of the property do not comply with the corresponding elements in the ADA and/or its implementing regulations, such differences are within conventional building industry tolerances for field conditions.

### THIRD DEFENSE

To the extent particular property elements do not comply exactly with the corresponding

11

elements in the ADA and/or its implementing regulations, such elements provide substantially equivalent or greater access to and usability of the facility and services have been made available through permissible alternative methods.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks alterations and accommodations that would fundamentally alter the nature of the goods, services, facilities, privileges, advantages or accommodations being offered; would create an undue burden on Defendant, or would pose a significant risk to the health or safety of individuals with disabilities or others.

## FIFTH DEFENSE

Plaintiff is without standing to bring this action in that Plaintiff has no intention of availing herself of the goods and services of the places of public accommodation at issue.

## FIFTH DEFENSE

The Complaint fails to state a cause of action for any purported violation of Utah Code Ann. § 78B-6-1101, et seq. because Plaintiff has not alleged any special injury other than that shared alike by the public.

## SIXTH DEFENSE

The Complaint fails to state a cause of action for any purported violation of Utah Code Ann. § 78B-6-1101, et seq. because Plaintiff has not alleged any damage or injury to her personal enjoyment of any real property in which she has an ownership or leasehold interest and that has been affected by any alleged acts or omissions of Defendant.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to add additional defenses or to delete or to withdraw such defenses as may become necessary at any time during the course of this litigation and after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant, having responded to the allegations set forth in Plaintiff's Complaint, respectfully requests that this Court dismiss the Complaint with prejudice, enter judgment in favor of Defendant, award Defendant all of its costs, including attorneys' fees, incurred in defending against this lawsuit and award any such other relief that this Court deems just and proper.

DATED this 16th day of March, 2017.

McKAY BURTON & THURMAN, P.C.

/s/ Cameron J. Cutler
Cameron J. Cutler
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of March, 2017, a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was sent via the following method, to the following parties:

| | | |
|---|---|---|
| Adam D. Ford<br>Matthew B. Crane<br>FORD & CRANE PLLC<br>4161 N. Thanksgiving Way, Suite 300<br>Lehi, UT 84043<br>adam.ford@fordcranelaw.com<br>matthew.crane@fordcranelaw.com | _____<br>_____<br>_____<br>_____<br>___X___ | Hand-Delivery<br>U. S. Mail, Postage Pre-paid<br>Federal Express<br>Fax<br>ECF |

Attorneys for Plaintiff

/s/ Emilie Dazley